IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| State of California, et al.,<br>    Petitioners,<br><br>v.<br><br>United States National Highway Traffic Safety Administration, et al.,<br>    Respondents. | Nos. 25-1595, 25-1642,<br>25-1846, 25-8019 |

**MOTION TO HOLD CASES IN ABEYANCE**

The petitioners in these consolidated cases have filed a motion to hold the cases in partial abeyance. The government does not oppose that motion but respectfully requests that the cases be placed in abeyance in their entirety. Petitioner Zero Emission Transportation Association (ZETA) opposes that request; all other petitioners take no position on it.

1. Petitioners seek review of an interpretive rule issued by the Department of Transportation's National Highway Traffic Safety Administration (NHTSA). *See* Resetting the Corporate Average Fuel Economy Program, 90 Fed. Reg. 24,518 (June 11, 2025). That Rule "set[s] forth the agency's interpretation of the factors the agency is prohibited from considering when setting maximum feasible fuel economy standards" as

authorized by the Energy Policy and Conservation Act. *Id.* at 24, 518; *see* 49 U.S.C. § 32902. The Rule does not change fuel-economy standards and instead "lays the appropriate groundwork for standard-setting rulemakings that will reset the agency's regulatory programs." *Id.* at 24,525. The Rule notes that "[p]ending the rulemaking process for the establishment of" fuel-economy standards, the agency "will exercise its enforcement authority . . . in accordance with the interpretation set forth in this [R]ule." *Id.* at 24,518. As of the date of this filing, a proposed rule amending the fuel-economy standards is pending review at the White House Office of Management and Budget. *See* White House Office of Management & Budget, Office of Info. & Reg. Affairs, "Regulatory Actions Currently Under Review by Agency," https://www.reginfo.gov/public/jsp/EO/eoDashboard.myjsp (last visited Oct. 17, 2025).

There are three pending petitions for review of the Rule. The first petition, brought by a group of states, challenges the Rule's interpretation of certain statutory provisions. *See* Case No. 25-1595. The second petition, brought by a group of public-interest organizations, likewise challenges the Rule's statutory interpretation. *See* Case No. 25-1642. The third petition, brought by ZETA, similarly challenges the agency's statutory interpretation

but also challenges the Rule's announcement that the agency will "exercise its enforcement authority . . . in accordance with" the Rule. ZETA Pet. 2 (quoting 90 Fed. Reg. at 24,526).

    2. Petitioners have moved for this Court to place these cases "in partial abeyance . . . as to the common challenge to NHTSA's [statutory] interpretation." Partial Abeyance Mot. 6. The government does not oppose that relief. As petitioners explain, "the same statutory interpretation dispute . . . presented in these petitions will very likely be central to any future challenges to the amended fuel economy standards NHTSA is planning to propose." *Id*. "[L]itigating these issues as applied in rulemakings to amend or prescribe standards, rather than in the abstract, will be a more efficient use of the parties' and the Court's resources." *Id*. at 7.

    Petitioners have not requested that the abeyance include ZETA's "challenge to the Rule's announcement that NHTSA "will exercise its enforcement authority . . . in accordance with the interpretation set forth in th[e] [R]ule." Mot. 8 (quoting 90 Fed. Reg. at 24,526). "ZETA asserts this aspect of the Rule—in particular, the refusal to issue compliance notifications—is causing ZETA's members concrete harm now." *Id*. The

3

other petitioners "take no position as to whether the unique challenge raised in ZETA's petition should be placed in abeyance." *Id.*

3. The government respectfully requests that the Court hold these cases in abeyance in their entirety. ZETA challenges the agency's alleged "refusal to issue compliance notifications" but ignores that enforcement has already been affected by a recent Act of Congress that generally reduces the "Corporate Average Fuel Economy Civil Penalties" to "$0.00." Pub. L. 119-21, 139 Stat. 82, 136 (2025). In any event, litigating specific statements in the Rule—as ZETA's position would entail—is neither warranted nor prudent. This is particularly the case for the enforcement discretion language on which ZETA focuses. *See, e.g.*, *Heckler v. Chaney*, 470 U.S. 821 (1985) (holding that there is a presumption of unreviewability of agency decisions not to undertake enforcement action). The subject of fuel-economy standards enforcement is inextricably intertwined with the standards being enforced. Because NHTSA is actively reconsidering the standards that would be enforced, questions relating to the enforcement of existing standards are premature as those standards and any corresponding enforcement of them are subject to change. Moreover, simultaneously considering the standards and their enforcement together would promote

4

judicial economy, preventing the Court and parties from dedicating significant resources to an issue that may be rendered moot during the course of the proceedings.

In a statement included in petitioners' motion for a partial abeyance, the government explained that "these cases should be held in abeyance in their entirety" and that it "expect[ed] to file a motion for such relief after" the lapse in appropriations ends. Partial Abeyance Mot. 2. Although the lapse remains ongoing, undersigned counsel have now obtained authorization to prepare and file this abeyance motion in aid of NHTSA's ongoing rulemaking efforts, which are supported by funds unaffected by the lapse.

4. Petitioner ZETA opposes the relief requested in this motion and intends to file a response. All other petitioners take no position on this motion.

          Respectfully submitted,

          THOMAS PULHAM

          */s/ Steven H. Hazel*
          STEVEN H. HAZEL
            202.514.2498
            Attorneys, Appellate Staff
            Civil Division, Room 7217
            Department of Justice
            950 Pennsylvania Ave. NW
            Washington, D.C. 20530

October 2025

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d) because it has been prepared in 14-point CenturyExpd BT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 846 words, according to the count of Microsoft Word.

*/s/ Steven H. Hazel*
Steven H. Hazel

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I filed and served the foregoing document with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. The participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

                                                                                     */s/ Steven H. Hazel*
                                                                                     Steven H. Hazel