IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

State of California, et al.,
Petitioners,

v.

United States National Highway Traffic
Safety Administration, et al.,
Respondents.

Nos. 25-1595, 25-1642,
25-1846, 25-8019

## REPLY IN SUPPORT OF MOTION TO HOLD CASES IN ABEYANCE

Petitioner Zero Emission Transportation Association (ZETA)'s response confirms that these consolidated cases should be placed in abeyance in their entirety. Pending before this Court are three petitions for review of a Department of Transportation rule setting forth the agency's interpretation of statutory provisions governing the Corporate Average Fuel Economy program. *See* Resetting the Corporate Average Fuel Economy Program, 90 Fed. Reg. 24,518 (June 11, 2025). All petitioners challenge the Rule's statutory interpretation, and all agree that those challenges should be held in abeyance pending the completion of the agency's rulemaking to establish new fuel-economy standards based on its interpretation. Unlike the other petitioners, ZETA also challenges the Rule's statement that while the

rulemaking process is pending, the agency "will exercise its enforcement authority . . . in accordance with the interpretation set forth in this [R]ule." *Id.* at 24,518. ZETA contends that its challenge to this enforcement announcement should be isolated from the consolidated cases and excluded from the abeyance.

For the same reasons that all other aspects of these cases should be held in abeyance, so should ZETA's challenge to the agency's enforcement announcement. Although ZETA presents (Resp. 9) that challenge as "independent[]" from the rest of these consolidated cases, they are in fact closely related—as ZETA's inclusion of both challenges in the same petition underscores, *see* Pet. 2-3. Most obviously, all challenges concern the same agency action. And the challenged parts of the Rule are intertwined: one part sets out the agency's interpretation and another part states that the agency will exercise its enforcement discretion "in accordance with" that interpretation. 90 Fed. Reg. at 24,518. Placing challenges to those parts of the Rule on separate tracks, with different briefing schedules and potentially decisions by different panels, would squander this Court's resources as well as those of the parties.

Like the challenges that ZETA concedes should be placed in abeyance, their challenge to the Rule's enforcement announcement will be substantially affected by the agency's ongoing rulemaking. If the agency issues fuel-economy standards consistent with its new interpretation, plaintiffs' request for an order compelling the agency to enforce the superseded standards would likely be moot. At a minimum, there would be substantial questions about whether the agency could be compelled to enforce standards premised on withdrawn regulations that were themselves based on an erroneous construction of the applicable statute. And whatever the outcome of the agency's rulemaking process, the Rule's announcement that the agency will exercise its enforcement discretion while the rulemaking is "pending" will no longer have any effect after the rulemaking is complete. 90 Fed. Reg. at 24,518. Thus, the ongoing rulemaking proceedings promise to either moot or significantly alter this case.

There is no basis to proceed with briefing until the rulemaking process concludes. ZETA's contrary argument (Resp. 10-12) rests on the premise that it is entitled to compel the agency to use its limited resources to enforce standards that the agency is actively working to replace and that rely on what the agency views as an incorrect statutory interpretation. As an initial

matter, the Supreme Court has recognized that both Article III and the
Administrative Procedure Act (APA) prevent plaintiffs from compelling the
government to take enforcement action against third parties. *See United
States v. Texas*, 143 S. Ct. 1964, 1971-75 (2023); *Heckler v. Chaney*, 470 U.S.
821, 832-33 (1985). Although ZETA invokes (Resp. 11) a possible exception
(at least with respect to the APA) for circumstances "so extreme as to
amount to an abdication of [an agency's] statutory responsibilities," *Chaney*,
470 U.S. at 833 n.4, any such exception would have no application here, where
the Rule reflects that the agency will exercise its enforcement discretion only
during the limited period when the rulemaking process is pending, *see* 90
Fed. Reg. at 24,518. Nor does the relevant statute impose any particular
requirement on the timing of making compliance determinations. *See
Chaney*, 470 U.S. at 832-33 (explaining that the presumption of
unreviewability "may be rebutted where the substantive statute has provided
guidelines for the agency to follow in exercising its enforcement powers").
Rather, the timeline for enforcement is left to the agency's discretion.[1]

---

[1] This fact undermines ZETA's assertions that its members are
suffering "immediate, concrete harm" right now. Resp. 6.

Perhaps even more significant, as noted above, the agency is actively engaged in a process to change the very standards that ZETA wishes to enforce. A judicial order requiring enforcement in these circumstances would represent an especially significant intrusion on the agency's discretion to decide "the proper ordering of its priorities." *Chaney*, 470 U.S. at 832. In ZETA's view, whenever an agency announces that it plans to propose an amended rule, regulated parties are entitled to race to the courthouse to force the agency to take enforcement actions based on the soon-to-be-superseded standards that no longer fit the agency's overall policies or legal views.

Similarly unavailing is ZETA's argument (Resp. 2) that an abeyance might allow its challenge to be delayed "indefinitely." There is no evidence of delay here. To the contrary, a proposed rule amending the fuel-economy standards for light-duty vehicles is now pending review at the White House Office of Management and Budget. *See* White House Office of Management & Budget, Office of Info. & Reg. Affairs, "Regulatory Actions Currently Under Review by Agency," https://www.reginfo.gov/public/jsp/EO/eoDashboard.myjsp (last visited Nov. 3, 2025). In any event, as every other petitioner has recognized, if the

agency's rulemaking "is delayed or other changed circumstances show a more urgent need for resolution, [p]etitioners may move to lift the abeyance." Pet. Abeyance Mot. 7.

ZETA's own description of why this case should proceed demonstrates that it should not. According to ZETA (Resp. 12), the requested enforcement actions would enable its members to "finalize" "economically valuable" contracts to trade "previously earned compliance credits." *See* 49 U.S.C. § 32903(f) (discussing the credit-trading program). But ZETA fails to explain why that asserted financial interest could not be fully vindicated after the agency's rulemaking process ends. If petitioners ultimately succeed on their challenge to the interpretation reflected in the Rule, ZETA does not identify anything that would stop its members from finalizing the relevant contracts.

The extent of ZETA's error is illustrated by its extraordinary suggestion (Resp. 13-14) that this Court "expedite" its "review and disposition" of this case. ZETA has litigated this case at a leisurely pace, waiting until almost two months after the Rule's publication before filing its petition, *see* ZETA Pet., No. 25-1167 (D.C. Cir. Aug. 6, 2025), and making no mention of expedition until its response here, which was filed more than two

months after ZETA's petition was first docketed.  ZETA nonetheless

contends that, to the extent "the forthcoming rulemaking could impact" this

case, expedition is warranted "to ensure [the case] is resolved in advance of

any new rulemaking."  Resp. 14.  The fact that this case may soon have no

practical stakes is a reason to hold it in abeyance, not a reason to engage in

rushed and potentially pointless litigation.[2]


Respectfully submitted,

THOMAS PULHAM

*/s/ Steven H. Hazel*
STEVEN H. HAZEL
  202.514.2498
  Attorneys, Appellate Staff
  Civil Division, Room 7217
  Department of Justice
  950 Pennsylvania Ave. NW
  Washington, D.C.  20530

November 2025

---

[2] Expedition would be unwise for the additional reason that the Eighth Circuit recently invalidated a Department of Energy regulation setting forth a "petroleum equivalency factor" used in determining the fuel economy of electric vehicles.  *Iowa v. Wright*, No. 24-1721, 2025 WL 2554549, at *15 (8th Cir. 2025) (mandate issued October 30, 2025).  This decision creates, at the very least, significant questions regarding compliance determinations regarding the treatment of credits earned by electric vehicle manufacturers "for exceeding applicable fuel economy standards in past model years."  Resp. 6.

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this reply complies with the requirements of Fed. R. App. P. 27(d) because it has been prepared in 14-point CenturyExpd BT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1,256 words, according to the count of Microsoft Word.

*/s/ Steven H. Hazel*
Steven H. Hazel

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2025, I filed and served the foregoing document with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. The participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*/s/ Steven H. Hazel*
Steven H. Hazel